UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

***********************************************
JUAN F., by and through his next
Friends Brian Lynch and Isabel          : Civil Action No. H-89-859 (AHN)
Romero,
On behalf of themselves and all others
similarly situated, ET AL,

       Plaintiffs,

v.

JOHN G. ROWLAND, ET AL,

       Defendants.
***********************************************

## REVISED MONITORING ORDER

In accordance with the five-page Stipulation ordered by the Court dated October 7, 2003 (the "October 7, 2003 Order"), the Monitoring Order of December 1, 1992, is hereby modified as follows:

**I.**    **DCF Court Monitor**

     A.    By Order dated May 25, 2000, the Court appointed D. Ray Sirry as the DCF Court Monitor. The DCF Court Monitor shall assume any and all duties set forth in this Order, the Order of July 29, 2003, the October 7, 2003 Order, and the additional Stipulation ordered by the Court dated October 7, 2003 concerning the federal Child and Family Services Review (collectively "the Orders"), and any subsequent orders entered by the Court.

B.  The DCF Court Monitor may be replaced or dismissed:

1.  By order of the Trial Judge with cause; or

2.  By order of the Trial Judge upon motion of either party when good cause is shown.

C.  In the event the DCF Court Monitor resigns or is dismissed, or becomes unable or unwilling to continue as Court Monitor, the parties may submit nominations for and be heard on selection of a new Monitor prior to the Court's appointment.

D.  If the current DCF Court Monitor, D. Ray Sirry, resigns, or is dismissed, or becomes unwilling or unable to continue as the DCF Court Monitor, the Exit Plan developed in accordance with the October 7, 2003 Order (at para. 2, bullet 5) shall govern, and the remaining terms of the October 7, 2003 Order shall become null and void. The Exit Plan shall continue and shall be implemented and shall be in full force and effect unless otherwise ordered by the Court.

## II. Duties and Responsibilities of the DCF Court Monitor

The DCF Court Monitor shall:

A.  Monitor implementation and compliance with the provisions of the Orders and Exit Plan.

B.  Perform the duties specified in the October 7, 2003 Order and subsequent orders.

2

    C.      Be authorized, without limitation to any other reasonable exercise of his authority under the October 7, 2003 Order, to hold confidential, private meetings with either party and with the Transition Task Force (as established by the October 7, 2003 Order), and/or with other non-parties on an <u>ex parte</u> basis, or jointly at his discretion.

    D.      Review requests by either party for modification of provisions of the Orders and meet with the parties in a timely fashion to attempt to resolve the request informally and, if necessary, to make a recommendation to the Trial Judge regarding the request for modification. The parties shall have an opportunity to be heard by the Trial Judge concerning any modification request. The Trial Judge's decision on any request for modification made under this paragraph shall be determined in accordance with applicable legal standards.

    E.      Prepare and submit to the Trial Judge and the parties status reports on a semi-annual basis or more frequently as determined by the DCF Court Monitor or the Trial Judge.

### III.    Access to Data, Documents, Staff and Other Information

A. Neither the DCF Court Monitor, his staff nor consultants, the transition Task Force, nor the parties shall publicly disclose individually identifiable information concerning children or their families, without a court order, the

express written consent of the subject individual or, if a minor, such individual's parent or legal guardian or as otherwise provided by federal or state law. Information subject to this Paragraph may be disclosed to Plaintiffs' counsel or to Defendants' counsel in this action, but only in accordance with a non-disclosure and confidentiality order entered by the Court.

B.   The minutes, agendas of meetings and discussions of the Task Force (as defined in the October 7, 2003 Order, at para. 2), shall be confidential and not subject to public disclosure, unless an express order from the Court is obtained to authorize such release. Information subject to this Paragraph may be disclosed to Plaintiffs' counsel or to Defendants' counsel to this action, but only in accordance with a non-disclosure and confidentiality order entered by the Court.

C.   Neither the DCF Court Monitor nor his staff or consultants shall be subject to the federal or the state freedom of information statutes, 5 U.S.C. § 552; Conn. Gen. Stat. § 1-200, *et seq*.

D.   The Transition Task Force shall not be considered a public "agency" for purposes of the federal or the state freedom of information statutes, 5 U.S.C. § 552; Conn. Gen. Stat. § 1-200, *et seq*.

E.   Notwithstanding the provisions of Paragraphs III C and D above, any written status report submitted to the Court by the Court Monitor shall be subject to public disclosure.

## IV. Dispute Resolution

It is the intent of the parties and the Court Monitor that the parties, the Transition Task Force, and the Court Monitor shall work together to try to resolve disputes without the intervention of the Court, in accordance with the terms of the October 7, 2003 Order. Any disputes not covered by the terms of the October 7, 2003 Order shall be resolved in the following manner: the issue shall be presented to the Court Monitor, who shall engage the parties in negotiation for a period of 30 days (unless extended upon agreement of the parties and the Court Monitor), to try to resolve disputes without the intervention of the Court. If the matter cannot be so resolved, the Monitor shall present the issue to the Trial Judge with recommendations for resolution by the Trial Judge. The parties shall have an opportunity to be heard by the Trial Judge concerning any dispute. The Trial Judge's decision on any dispute covered by this paragraph shall be determined in accordance with applicable legal standards.

## V. Funding of DCF Court Monitor

The State of Connecticut shall fund the duties and responsibilities of the DCF Court Monitor and the DCF Court Monitor's Office. At least fifteen (15) days prior to the first day of each quarter, the DCF Court Monitor shall file with the Office of the State Comptroller, and such other entities and persons as may be appropriate, his estimated expenditures for the performance of his duties and his office in the succeeding quarter and shall provide copies to both parties. Sections II, III, and IV of the Order Re: Funding of DCYS Monitoring Panel dated

January 8, 1991, shall be amended by substituting "Court Monitor" for "Monitoring Panel" within those sections and included herein. The funding referenced in this paragraph does not refer to and is distinct from the funding of decisions of the Transition Task Force.

## VI. Other Expenses and Costs

Within the approved budget to fund the duties and office of the DCF Court Monitor, the DCF Court Monitor may hire staff, retain consultants, rent space, purchase equipment, materials, supplies, and incur such other costs he deems necessary to the carrying out his duties and those of his office. The funding referenced in this paragraph does not refer to and is distinct from the funding of decisions of the Transition Task Force.

## VII. Approval of Fees and Expenses

All fees, expenses, or costs incurred by the Court Monitor and his office shall, before payment by the State of Connecticut, be approved by the Trial Judge or another judicial officer appointed by the Trial Judge for such purpose. The Trial Judge, or another judicial officer appointed by the Trial Judge, shall sign all checks. The funding referenced in this paragraph does not refer to and is distinct from the funding of decisions of the Transition Task Force.

## VIII. Liability

The State of Connecticut shall defend, indemnify, and hold harmless, to the same extent as state employees, the DCF Court Monitor and his staff in any litigation or proceeding involving the Court Monitor and his staff in the performance of their duties.

## IX. Miscellaneous

Nothing in this Order precludes the parties from exercising their rights to seek Court enforcement of the Orders under applicable federal law after exhausting all compliance and resolution procedures of this Order and the Orders of October 7, 2003.

## X. Reversion to Prior Monitoring Order

In the event the current DCF Court Monitor, D. Ray Sirry, resigns, or is dismissed, or becomes unwilling or unable to continue as the DCF Court Monitor, this Revised Monitoring Order shall be automatically and immediately become null and void, and each of the terms and conditions of the Monitoring Order dated December 1, 1992, shall govern.

SO ORDERED at Bridgeport, Connecticut, this 31st day of December, 2003.

Alan H. Nevas
United States District Court Judge

7