UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2005 OCT 12 P 3:49
U.S. DISTRICT COURT
BRIDGEPORT, CT

Juan F., et al.,
    Plaintiffs,

v.

M. JODI RELL, et al.,
    Defendants.

CIVIL NO. H89-859 (AHN)

## REVISED MONITORING ORDER

WHEREAS, the DCF Court Monitor, D. Ray Sirry, has tendered his resignation as DCF Court Monitor for all purposes;

WHEREAS, the Court has so-ordered a Stipulation dated August 11, 2005, and a Stipulation dated September 26, 2005, for the purposes of appointing Raymond Mancuso as Acting DCF Court Monitor for the purposes and for the duration set forth in those Stipulations;

WHEREAS, the parties seek to modify the terms of the Monitoring Order of December 1, 1992 in various respects as set forth below;

WHEREAS, the parties have stipulated to this Revised Monitoring Order;

IT IS THEREFORE ORDERED that the following provisions of this Revised Monitoring Order shall supercede the Revised Monitoring Order dated December 31, 2003:

I. **Special Master**

The Court hereby appoints U.S.M.J. Holly B. Fitzsimmons as Special Master in this action. The Special Master shall report to the Court as required and as necessary concerning Defendants' compliance under the terms of the Revised Exit Plan dated July 1, 2004, and other governing orders of this case. If the parties are unable to resolve disputes under the dispute resolution procedures set forth in Section III of this Revised Monitoring Order, the Special Master shall serve in a mediation capacity concerning any disputes not resolved. For any disputes not resolved through mediation with the Special Master, the Special Master shall make findings and recommendations and submit them to the District Judge. The DCF Court Monitor or any member of his staff may be called as a witness by either party or the Special Master or the District Judge in any proceeding before the Special Master or the District Judge. The Special Master may serve in a mediation capacity concerning any disputes among the parties, but only upon the consent of the parties, with two (2) exceptions: (1) if Defendants assert compliance under paragraph 5, page 3 of the Revised Exit Plan, seeking a review of case files and other measurements, and Plaintiffs dispute that assertion; or (2) if, after the Court Monitor

conducts a review of case files and other measurements under paragraph 5, page 3 of the Revised Exit Plan and presents findings and recommendations to the District Judge, and Defendants move or request termination of jurisdiction and Plaintiffs assert noncompliance and object to the termination of jurisdiction. Under these two exceptions, the dispute between the parties shall be referred for mandatory mediation with the Special Master prior to any further proceedings. The parties expressly consent and waive any objections to the Special Master serving in multiple capacities as contemplated by this Revised Monitoring Order, including serving in a mediation capacity and, if mediation is not successful, issuing findings and recommendations on the issues on which mediation was attempted. The terms of the Monitoring Order of December 1, 1992, shall govern except as modified by this Revised Monitoring Order.

II. <u>DCF Court Monitor</u>

    A.   The DCF Court Monitor shall be Raymond Mancuso.

    B.   It is the parties' intent that the primary function of the DCF Court Monitor is to review and report on Defendants' performance under the Revised Exit Plan and other governing orders of this action, consistent with the terms of this Revised Monitoring Order. Section I.A. of the

Monitoring Order of December 1, 1992 is void and inapplicable under this Revised Monitoring Order. The Court Monitor's compensation shall be set by order of the District Judge, after review and comment (if appropriate) by the parties. The Court Monitor shall be solely responsible to the District Judge. The Court Monitor shall not be responsible for the administration of any programs or activities at DCF nor bear any responsibility for the resolution of individual complaints about any programs or activities at DCF.

    C.    Sections II.B and II.C and II.F of the Monitoring Order of December 1, 1992 are void and inapplicable under this Revised Monitoring Order.

    D.    Sections II.E and XI of the Monitoring Order of December 1, 1992 are void and inapplicable under this Revised Monitoring Order. Any requests by either party for modification of a governing order in this case shall follow the terms of the dispute resolution procedures under Section III of this Revised Monitoring Order. Any requests for modification not resolved under the dispute resolution procedures shall be referred to the Special Master for mediation. If a modification agreement is reached between the parties, the modification shall be submitted to the

Special Master for findings and recommendations concerning approval of the modification by the District Judge. If mediation is unsuccessful, the issue shall be referred in the form of a motion to the Special Master who shall submit findings and recommendations to the District Judge.

E. The DCF Court Monitor shall submit reports on Defendants' performance to the District Judge, the Special Master and counsel for the parties as necessary and as required under the Revised Exit Plan and other governing orders of this case, on at least on a semi-annual basis, and more frequently as otherwise may be requested by the Special Master or District Judge. These reports shall be a matter of public record and shall be included in the Court file for this matter. Additionally, the Court and/or the Special Master shall convene status conferences at least quarterly, which conferences shall include counsel for Plaintiffs and Defendants, the DCF Court Monitor and counsel for the DCF Court Monitor, as well as the DCF Commissioner and such others as may be necessary as directed by the District Judge or the Special Master.

F. Section III.B.(2) of the Monitoring Order of December 1, 1992 is modified in that if the Court Monitor and the Commissioner cannot resolve any issues pertaining to

requested information, it shall be referred to the Special Master.

G. The Court Monitor shall have the authority to assist in resolving disputes between the parties, if requested on consent of the parties, but shall not act as Special Master in that capacity.

H. The Court Monitor will work collaboratively with the Technical Advisory Committee as set forth in Section IV.

## III. Dispute Resolution

A. Section IV of the Monitoring Order of December 1, 1992 is void and inapplicable under this Revised Monitoring Order.

B. If the Plaintiffs assert that Defendants are in actual or likely non-compliance with any provision of the Revised Exit Plan or other governing orders of this action, they shall notify Defendants in writing. After such notice is given, the parties shall engage in negotiations for a period of 30 days in an attempt to resolve the matter. The negotiation period may be extended with the consent of the parties. If agreement has not been reached within 30 days or as otherwise extended on consent, the issue may be referred to the Special Master for mediation but only on consent of the parties, with the exception of the two

circumstances identified in paragraph I.A of this Revised Monitoring Order requiring mandatory mediation. If the matter is not resolved through negotiation or mediation, as applicable, it shall be referred in the form of a motion to the Special Master who shall make findings and recommendations to the District Judge. If agreement is reached between the parties, the agreement shall be submitted to the Special Master for findings and recommendations concerning approval of the agreement.

C. Plaintiffs may bypass the dispute resolution procedures in Section III.B. above upon a written assertion of immediate threat to the health or safety of the class.

D. The Court Monitor shall have the authority to raise directly with the parties issues of actual or likely non-compliance with any provision of the Revised Exit Plan or other governing orders of this action, or any matters identified by the Court Monitor as creating or causing an imminent threat to health, safety or well-being of class members. Such matters shall be referred initially to the parties under the dispute resolution procedures outlined in this Section III of this Revised Monitoring Order.

IV. **Technical Advisory Committee**

A. A Technical Advisory Committee (TAC) will be

formed that will include the following: Judith Meltzer/Center for the Study of Social Policy (CSSP), Dick Matt and Linda Arnold. The TAC will meet at such times and in such manner as necessary to fulfill it roles under this section.

    B.   The Technical Advisory Committee will advise the Court Monitor concerning the gathering of information and data, strategies and priorities, the methodologies, reliability and validity of data and information used to report on performance under the Revised Exit Plan and other governing orders of this case. The TAC and Court Monitor will work collaboratively in this process, and the TAC will have regular access to the Court Monitor and such data, data sources, information, information sources and personnel that are necessary to perform its role under this provision. The TAC will provide written recommendations to the Court Monitor concerning this advisory function.

    C.   The TAC will also advise the Department, in a collaborative process with the Department and the Court Monitor, in areas of practice, infrastructure or other functioning of DCF concerning the *Juan F.* class that are in need of improvement. The issues will include, but need not be limited to, ensuring the needs of *Juan F.* class members

are met, ensuring an appropriate treatment planning process, and the permanency needs of children in foster care, with others to be mutually agreed upon by the parties. The TAC will have regular access to such data, data sources, information, information sources and personnel that are necessary to perform its role under this provision. The TAC will provide written recommendations to the Department concerning this advisory function.

D.  The TAC will timely provide Plaintiffs' counsel, Defendants' counsel, the Court Monitor and Special Master with copies of all recommendations provided by the TAC.

E.  Defendants will pay the reasonable costs of the professional fees and expenses of the TAC in the performance of its functions under this Section, which costs will be paid out of the DCF budget.

**V.   Miscellaneous**

A.  This Revised Monitoring Order shall remain in effect until November 1, 2006. If this Revised Monitoring Order is not extended or replaced before November 1, 2006, it shall remain in effect until further order of the Court. Any disputes concerning the duration of this Revised Monitoring Order beyond November 1, 2006 shall be referred to the Special Master for mediation.

B. Section VIII of the Monitoring Order of December 1, 1992 is void and inapplicable under this Revised Monitoring Order.

C. Section VI of the Monitoring Order of December 1, 1992 is modified to add the following: Plaintiffs and Defendants shall be provided with copies of the budgets referenced in Section VI of the Monitoring Order at the time that the budgets are submitted to the Office of the State Comptroller. Section IX of the Monitoring Order of December 1, 1992 is modified to add the following language: Plaintiffs and Defendants shall have the right to be heard with respect to the proposed budgets and to the actual fees, expenses or costs incurred by the Court Monitor, prior to approval of such budgets, fees, expenses or costs by the Trial Judge.

D. A Budget Development and Implementation Team, consisting of the DCF Commissioner, the Secretary of the Office of Policy and Management, and the DCF Court Monitor, shall meet regularly, and shall perform budget activities necessary to support achievement of the Exit Plan, in compliance with the terms of the Revised Exit Plan and other governing orders of this case.

E. The minutes, agendas of meetings and discussions

of the Budget Development and Implementation Team and the TAC shall be confidential and not subject to public disclosure, unless an express order from the Court is obtained to authorize such release.  Information subject to this Paragraph may be disclosed to Plaintiff's counsel or to Defendant's counsel to this action, but only in accordance with a non-disclosure and confidentiality order entered by the Court.  Neither the DCF Court Monitor or his staff or consultants, nor the TAC or its members or staff, shall be subject to the federal or the state freedom of information statutes, 5 U.S.C. § 552; Conn. Gen. Stat. § 1-200 et seq. Neither the Budget Development and Implementation Team nor the TAC shall be considered a public "agency" for purposes of the federal or the state freedom of information statutes. 5 U.S.C. § 552; Conn. Gen Stat. § 1-200, et seq. Notwithstanding the provisions of this Paragraph, any written status report submitted to the Court by the Court Monitor shall be subject to public disclosure.

    F.    The Revised Monitoring Order and the Revised Exit Plan, over which the District Court has continuing jurisdiction in this case, through their terms address all matters raised in this litigation concerning the safety and welfare of members of the Juan F. class.

SO ORDERED this 12 day of October, 2005 at Bridgeport, Connecticut.

_____
Alan H. Nevas
United States District Judge