UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------x
JUAN F., et al., :
                    Plaintiffs, :
                            :
v. : CIVIL NO. H89-859 (AHN)
                            :
M. JODI RELL, et al., :
                            : February 28, 2006
                  Defendants. :
------------------------------------------------------------x

## DEFENDANTS' OBJECTION TO MOTION FOR APPROVAL OF BUDGET OF THE OFFICE OF THE JUAN F. COURT MONITOR

The defendants, Governor M. Jodi Rell, and Darlene Dunbar, Commissioner of the State of Connecticut Department of Children and Families, respectfully object to the Motion for Approval of Budget submitted by the Juan F. Court Monitor, for the reasons set forth herein.

First and foremost, Governor Rell and Commissioner Dunbar state that complete transparency with respect to the financial matters and operations of the Juan F. Court Monitor's Office is essential. The Office of the Juan F. Court Monitor ("the Office") was created by an Order of this Court, and the Monitor was appointed by this Court. Pursuant to the Monitoring Order of December 1, 1992, as amended, and the Order Re: Funding of DCYS Monitoring Panel dated January 8, 1991, the State of Connecticut must fund the approved expenses of the Office of the Juan F. Court

**ORAL ARGUMENT REQUESTED**

CARMODY & TORRANCE LLP   50 Leavenworth Street
Attorneys at Law                     Post Office Box 1110
                                      Waterbury, CT 06721-1110
                                      Telephone: 203 573-1200

Monitor. Thus, the public interest requires full and fair disclosure of all financial information concerning the Office. Because they do not have necessary information concerning the salaries and full range of employee benefits paid to the employees of the Office of the Court Monitor in the recent past, defendants cannot fully and fairly evaluate the total employee compensation proposed in the budget now before the Court. Nonetheless, for the reasons set forth below, the total compensation provided to the employees of the Monitor's Office should be based upon and consistent with the State system of job classification and compensation. The proposed compensation is not consistent with the State system, and therefore should not be approved by the Court. Finally, the defendants object to the approximately $90,000 annual occupancy expense proposed in the budget, because the State has offered to provide alternative, appropriate office space at no expense to the Office of the Court Monitor.

While the defendants acknowledge that the proposed budget is nearly 50 percent lower than the budget presented by the previous Court Monitor, they respectfully submit that the budget process requires full and open disclosure of all material information.

**Defendants Are Entitled To Complete Information Concerning The Total Compensation Paid to Employees In The Recent Past. This Information Is Required to Fully and Fairly Evaluate the Compensation Proposed for the Employees of the Office of the Court Monitor.**

In order to evaluate the compensation currently proposed for the employees of the Court Monitor's office, defendants must evaluate the compensation paid to those

2

{W1465327}
CARMODY & TORRANCE LLP
Attorneys at Law

50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

same employees in the recent past. Recently, funds of the Court Monitor's Office previously allocated to certain pension and retirement plans on behalf of former and present employees of the Office were returned to the State. In addition, it appears that, as recently as 2005, employees of the Office were provided with salaries and benefits far more favorable than those afforded to similarly qualified State employees holding positions of comparable responsibility. There are several items of key information that the defendants do not have, and which are required for a full evaluation of the compensation proposed for the employees of the Office:

- Detailed and complete itemization of all compensation and benefits paid to or on behalf of all employees of the Court Monitor's Office for the last five years.

- Historical job descriptions (so that the proposed compensation can be evaluated against the responsibilities of each position).

- A reconciliation of the compensation actually paid to Mr. Mancuso with the compensation set forth in the agreement among him, the Office of the Court Monitor, and the State that permitted his transfer from State employment to the Office of the Court Monitor.

- An accounting of all vacation and sick leave benefits provided to Mr. Mancuso, if any, and their utilization.

3

{W9405527}  CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

Without this information, defendants cannot determine what further objections, if any, they have to the proposed compensation. Because the Office of the Court Monitor is funded entirely by the State, and because Mr. Mancuso is a State employee on detail to the Office, the required information should be disclosed fully and openly. The compensation provided to State employees is subject to disclosure under the Freedom of Information Act, Conn. Gen. Stat. §§1-200 et seq. The compensation provided to employees of the federal government is similarly subject to disclosure under the Federal Freedom of Information Act, 5 U.S.C. §§ 552 et seq. There is no reason that the same information should not be disclosed with respect to the Office of the Court Monitor. The public interest and fairness require that the information be provided to defendants forthwith.

### The Employee Compensation Proposed in the Monitor's Budget is Not Consistent with the State Job Classification System or Salary Scales.

The only rational basis for evaluating the salaries of employees of the Court Monitor's Office is the State salary scale.[1] Given the job duties and credentials of the employees, any comparison to salaries afforded to private consultants is not pertinent. With respect to Joni Beth Roderick, the State believes that the proposed salary is not commensurate with her credentials nor justified, given her job duties and function. This is based on a comparison with the State's own job classification system (which

---

[1] The State has no issue with the salary set for Charlene Fleming – it is consistent with her job duties and function and is commensurate with her credentials.

4

{W1405927}  CARMODY & TORRANCE LLP   50 Leavenworth Street
        Attorneys at Law            Post Office Box 1110
                                    Waterbury, CT 06721-1110
                                    Telephone: 203 573-1200

the State believes in this instance is the most reliable comparison). Based on the job description provided, Ms. Roderick would be the equivalent of a Program Supervisor at DCF, with an annual salary range of $66,567.00 to $85,383.00, plus benefits. In contrast, the Monitor proposes to pay her an annual salary of $97,000.00, plus health insurance at a cost of $18,903.25.

With respect to Ray Mancuso, the State relies on the original agreement entered into between Mr. Mancuso and the Court Monitor's Office (and the other parties to that agreement) that outlines his detail to the Federal Court. (Copy attached as Exhibit 1). That agreement establishes a theory of compensation for Mr. Mancuso that is based on his salary at DCF at the time of his transfer. The agreement assures that annual increases that would otherwise have been afforded to him in State service are afforded to him and paid by the Court Monitor's Office. An accounting of these increases is attached. (Exhibit 2). It is the State's position that this theory of compensation should continue. The current salary under this theory would be $108,048.15, plus pension benefits and health insurance. In contrast, the proposed budget provides him with a salary of $150,000.00, plus pension benefits at a cost of $6,554,47, and health insurance at a cost of $2,328.58. In her letter of February 15, 2006 (copy attached as Exhibit 3), Comptroller Nancy Wyman expressed similar concerns, which are shared by the defendants.

5

CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

This position is underscored by the recent changes in the Monitoring Order that significantly modify the role of the Court Monitor. In light of the reduced responsibilities, and given Mr. Mancuso's credentials, defendants assert that continued reliance on the State's salary system again is most appropriate.

**The Leased Space is Unnecessary, and Its Cost Should Be Disallowed.**

Given the large size and annual price of the leased space, and the small number of permanent employees of the Office of the Court Monitor, defendants believe that it is not necessary for the Office to lease any space at all. Rather, the State has offered to provide the Office with appropriate space at a reasonable location, at no charge to the Office. The proposed budget projects a $65,000 annual expense for rent, plus $15,000 annually for utilities, and $10,000 for maintenance. The total annual occupancy cost is $90,000, which will be avoided entirely if the Office is relocated to the space offered by the State. While this savings may be offset by a lease termination fee in the first year, it is significant enough to merit consideration.

**Conclusion**

For all of the foregoing reasons, the defendants respectfully request that the Court deny the motion for approval of budget.

6

{W1405527} CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

THE DEFENDANTS,

By _/s/ Ann H. Rubin_
Ann H. Rubin
Federal Bar No. 04486
Carmody & Torrance LLP
50 Leavenworth Street
P. O. Box 1110
Waterbury, CT 06721-1110
Telephone: (203) 573-1200
Facsimile: (203) 575-2600

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed, postage prepaid, on the above date to:

Steven M. Frederick, Esq.
Wofsey, Rosen, Kweskin & Kuriansky
600 Summer Street
Stamford, CT 06901

Marcia Robinson Lowry, Esq.
Children's Rights, Inc.
404 Park Avenue South, 11th Floor
New York, NY 10016

Erik S. Pitchal, Esq.
Children's Rights, Inc.
404 Park Avenue South, 11th Floor
New York, NY 10016

Jane S. Scholl, Esq.
Attorney General's Office
Administration Dept.
55 Elm Street
P. O. Box 120
Hartford, CT 06141-0120

Jeffrey B. Gracer, Esq.
Children's Rights, Inc.
404 Park Avenue South, 11th Floor
New York, NY 10016

Ira P. Lustbader, Esq.
Children's Rights, Inc.
404 Park Avenue South, 11th Floor
New York, NY 10016

Susan T. Pearlman, Esq.
Attorney General's Office
Child Protection
MacKenzie Hall
110 Sherman St., Room 305
Hartford, CT 06106

James T. Shearin, Esq.
Pullman & Comley
850 Main Street
P. O. Box 7006
Bridgeport, CT 06601-7006

{W1405327}  CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

John Essex Tucker, Esq.  
Attorney General's Office  
110 Sherman Street  
Hartford, CT  06105

James P. Welsh, Esq.  
Director-Legal & Govt. Affairs  
Dept. of Mental Retardation  
460 Capitol Avenue  
Hartford, CT  06106

U.S. Court of Appeals  
Office of the Clerk  
US Courthouse  
Foley Square  
New York, NY  10007

Stephen Wizner, Esq.  
Jerome N. Frank Legal Services Org.  
P. O. Box 209090  
New Haven, CT  06520-9090

_____  
Ann H. Rubin

{W0465927}  
CARMODY & TORRANCE LLP  
Attorneys at Law  
50 Leavenworth Street  
Post Office Box 1110  
Waterbury, CT 06721-1110  
Telephone: 203 573-1200