# **EXHIBIT 1**

## DETAIL OF RAYMOND MANCUSO FROM
## DCF TO THE MONITOR'S OFFICE

WHEREAS, Connecticut General Statute Section 5-239a provides for the transfer of permanent state employees ... to a federal agency and establishes the procedures therefore.

WHEREAS, the JUAN F. Monitor's Office is an agent of the United States District Court of Connecticut, a federal agency as defined by Section 5-239a of the Connecticut General Statutes;

WHEREAS, Raymond Mancuso; Kristine Ragaglia, Commissioner of the Connecticut Department of Children and Families (DCF); D. Ray Sirry Court Monitor; the Honorable Alan H. Nevas, United States District Court of Connecticut; the Connecticut State Ethics Commission; and Martha Stone Esquire and Marcia Robinson Lowry, Co-Counsels for the Plaintiffs, all agree that the detail of Raymond Mancuso would be in the best interests of all parties, and such detail is fully consented to by Raymond Mancuso;

WHEREAS, Section 5-239a of the Connecticut General Statutes, provides for a detail of up to a two year period renewable for one additional two year period, Raymond Mancuso is hereby detailed to the JUAN F. Court Monitor's Office effective July 1, 2000 through June 30, 2002;

WHEREAS, Raymond Mancuso will remain a state employee and the parties have agreed that his salary shall be paid by the Juan F. Court Monitor's Office and shall be $86,547 per year subject to the same annual increases as authorized by the General Assembly for employees in comparable positions. The Court Monitor's Office shall also pay for all fringe benefits, including, medical and dental insurance, life insurance, and contributions to the state pension. Raymond Mancuso shall be entitled to accumulate and utilize personal leave, sick leave and vacation leave, under the same terms and conditions as other similarly-situated state employees. Raymond Mancuso's participation in the State Pension Fund will not be affected by this agreement nor will any seniority rights he may have accumulated.

Nothing in this agreement prevents the Court Monitor's Office from providing additional benefits or coverage to Raymond Mancuso, provided such benefits terminate when Raymond Mancuso returns to state service.

Upon his return to state service, Raymond Mancuso will resume his employment at DCF in the same position as he held on June 30, 2000, if said position is available; if the same position is not available, he will be assigned as comparable a position as possible, with no reduction from the salary or benefits he would have entitled to if he had not been detailed to the Court Monitor's Office.

WHEREAS, Raymond Mancuso will remain a state employee; however, the parties have agreed that he will be supervised and directed by JUAN F. Court Monitor exclusively during the period of the detail.

WHEREAS, it is the intention of the parties to renew the detail of Raymond Mancuso through June 30, 2004 unless terminated earlier by mutual agreement of the Commissioner of DCF and the JUAN F. Court Monitor, or by termination of the JUAN F. Consent Decree by the United States District Court of Connecticut; and

WHEREAS, the Connecticut Commissioner of Administrative Services (DAS) and the Secretary of the Office of Policy and Management (OPM) have approved the detail of Raymond Mancuso as described herein;

Mr. Raymond Mancuso is hereby detailed from DCF to the JUAN F. Court Monitor's Office pursuant to the provisions of Section 5-239a of the State of Connecticut General Statutes effective July 1, 2000 through June 30, 2002. It is agreed that the detail shall be extended through June 30, 2004 unless terminated earlier as provided herein.

The signatures below confirm and approve the detail of Raymond Mancuso as provided herein.

_____
Raymond Mancuso

_____
D. Ray Sirry, JUAN F.
Court Monitor

_____
Susan Pearlman, Esquire
Assistant Attorney General

_____
Marcia Robinson Lowry, Esquire
For Plaintiffs

_____
Secretary of OPM

_____
Kristine D. Ragaglia, Commissioner
Of DCF

_____ A.S.P.
Stanley Burdick, Chairperson
Connecticut Ethics Commission

_____
Martha Stone, Esquire
for Plaintiffs

_____
Commissioner of DAS

_____
The Honorable Alan H. Nevas
Senior Judge, United States District
Court of Connecticut

## ASSIGNMENT OF RAYMOND MANCUSO FROM
## DCF TO THE JUAN F. COURT MONITOR'S OFFICE

WHEREAS, Connecticut General Statutes Section 5-239a provides for the assignment of permanent state employees ...to a federal agency and establishes the procedures therefore;

WHEREAS, the JUAN F. Court Monitor's Office is an agent of the United States District Court of Connecticut, a federal agency as defined by Section 5-239a of the Connecticut General Statutes;

WHEREAS, Raymond Mancuso, a permanent state employee of the Department of Children and Families (DCF); Darlene Dunbar, Commissioner of DCF; D. Ray Sirry, JUAN F. Court Monitor; the Honorable Alan H. Nevas, United States District Court of Connecticut; the Connecticut State Ethics Commission; and Martha Stone, Esquire and Marcia Robinson Lowry, Esquire, Co-Counsels for the Plaintiffs, all agree that the assignment of Raymond Mancuso would be in the best interests of all parties, and such assignment is fully consented to by Raymond Mancuso;

WHEREAS, Raymond Mancuso was assigned to the JUAN F. Court Monitor's Office effective July 1, 2000 through June 30, 2004 in accordance with section 5-239a of the Connecticut General Statutes;

WHEREAS, Raymond Mancuso will remain a state employee deemed to be on detail to a regular work assignment at the JUAN F. Court Monitor's Office, and the parties have agreed that his salary shall be paid by the JUAN F. Court Monitor's Office and shall be $86,547 per year subject to the same annual increases as authorized by the General Assembly for employees in comparable positions; the JUAN F. Court Monitor's Office shall also pay for all fringe benefits, including, medical and dental insurance, life insurance, and contributions to the state pension; Raymond Mancuso shall be entitled to accumulate and utilize personal leave, sick leave and vacation leave, under the same terms and conditions as other similarly situated state employees; Raymond Mancuso's participation in the State Pension Fund will not be affected by this agreement nor will any seniority rights he may have accumulated;

WHEREAS, nothing in this agreement prevents the JUAN F. Court Monitor's Office from providing additional benefits or coverage to Raymond Mancuso, provided such benefits terminate when Raymond Mancuso returns to state service;

WHEREAS, upon his return to state service, Raymond Mancuso will resume his employment with DCF in the same position as he held on June 30, 2000, if said position is available; if the same position is not available, he will be assigned as comparable a position as possible, with no reduction from the salary or benefits he would have been entitled to if he had not been assigned to the JUAN F. Court Monitor's Office;

WHEREAS, Raymond Mancuso will remain a state employee supervised by the JUAN F. Court Monitor exclusively during the period of the assignment; and

WHEREAS, under House Bill No. 5196 (Public Act 04-63), Section 5-239a of the Connecticut General Statutes is repealed effective October 1, 2004 and is replaced with the following language: "The Commissioner of Administrative Services may establish procedures for the assignment of permanent state employees of the executive branch, including institutions of higher education encompassing technical and junior colleges as well as four-year colleges and universities, to a federal agency, <u>to the office of the Court Monitor at the Department of Children and Families established in accordance with the terms of the consent decree entered in the case of Juan F. v. O'Neill, United States District Court, Docket No. H-89-859 (D. Conn. January 7, 1991)</u>, ... Assignments may be made for a period of up to two years and renewed once for an additional two years, <u>provided any assignment of an employee to the Court Monitor at the Department of Children and Families shall not be subject to such durational time limits and may remain in effect until December 31, 2006</u>;

NOW, THEREFORE, the parties agree as follows: the current expiration date of Raymond Mancuso's assignment to the JUAN F. Court Monitor's office is extended from June 30, 2004 to September 30, 2004 at which time Public Act 04-63 will become effective and the date of expiration for the assignment of Raymond Mancuso will be December 31, 2006, unless terminated earlier by written agreement of the Commissioner of DCF and the JUAN F. Court Monitor or by termination of the JUAN F. Consent Decree by the United States District Court of Connecticut.

The signatures below confirm and approve the assignment of Raymond Mancuso as provided herein.

_____ 8/19/04
Raymond Mancuso

_____
Darlene Dunbar, Commissioner of DCF

_____ 8/30/04
D. Ray Sirry, JUAN F. Court Monitor

_____
State Ethics Commission, Rosemary Giuliano, Chairperson

_____
Susan Pearlman, Esq.
Assistant Attorney General

_____
Martha Stone, Esquire, For the Plaintiffs

_____
Marcia Robinson Lowry, Esquire
For the Plaintiffs

_____
Barbara Waters, Commissioner of DAS

_____
Marc S. Ryan  Secretary of OPM

_____
The Honorable Alan H. Nevas
Senior Judge, United States District
Court of Connecticut.

# EXHIBIT 2

# Accounting

| Year | Amount |
|---|---|
| July 1, 2000 - June 30, 2001 | 8400 |
| July 1, 2001 - June 30, 2002 | 4800 |
| July 1, 2002 - June 30, 2003 | 6400 |
| July 1, 2003 - June 30, 2004 | 4950 |
| July 1, 2004 - June 30, 2005 | 4800 |

# EXHIBIT 3

February 15, 2006

The Honorable Alan Nevas
Senior United States District Judge
915 Lafayette Boulevard
Bridgeport, CT 06604

**RE: Juan F. v. State of Connecticut, et.al.**

Dear Judge Nevas:

I would like to share with you my concerns regarding the Court Monitor's Office in Juan F. As the Comptroller of the State it is my duty to watch how tax dollars are being spent and that is why I am writing to you.

The court's order of October 12, 2005 and prior court orders indicate that my office is to be provided copies of budgets by the Court Monitor. However, my office had not received the most recent proposed budget from the Court Monitor's office that I understand is under discussion by the parties. I am requesting your assistance in clarifying the process for the receipt of the budget by my office.

Additionally, in a review of prior court orders, it appears there is a requirement that within fifteen days of the end of a quarter, the Court Monitor is to provide the actual expenditures for that quarter to the Comptroller's Office. It appears that this provision of the court's order has not been complied with. My office could find no record of any report of actual expenditures from the Court Monitor's Office. I ask your assistance in insuring that these records are provided.

It is my understanding that funds of the Court Monitor's Office allocated to certain pension and retirement plans on behalf of employees of the Court Monitor's Office are to be returned from those plans. In accordance with your court order of January 8, 1991, surplus funds of the Court Monitor's Office are to be returned to the state's general fund. It appears that the retirement funds would constitute surplus funds based upon the fact that they exceed the current budget request for the current fiscal year. In addition, the state paid the first quarterly allotment to the Court Monitor's Office in June 2005. That payment was for $499,171.00 representing about 75% of the revised proposed annual

The Honorable Alan H. Nevas
February 15, 2006
RE: Juan F. v. State of Connecticut
Page 2

budget for this fiscal year. Any returned retirement funds appear to be excess appropriations and I am requesting that the Court order them returned to the State.

I also am concerned about the pension and benefits of any state employee detailed to federal service. Pension contributions in excess of state employee base salary should not occur. The 2004 agreement as to Mr. Mancuso's detail to the Court Monitor's Office provides that he would be treated as state employee for salary and pension purposes.

To date, Mr. Mancuso has received treatment more favorable than other state employees have in that his employee contribution share to the pension fund was paid entirely by state funds through the Court Monitor's Office. The result is an effective increase in salary even when his salary appeared to track state position classification. If Mr. Mancuso retains the benefit of state employment, he should be treated as other state employees with respect to salary, pension and health insurance contributions. The pension contributions and health care premium share should be taken from the employee's gross income and not be in addition to the gross wages. I understand that this arrangement is under consideration.

I would also like to suggest that Mr. Mancuso be placed back on the state's payroll. The agreement provides for him to receive state retirement benefits and processing him through the state's payroll will enable the state to appropriately account for his vacation, sick and personal leave time which are paid out at retirement and can increase an employee's service credit for retirement purposes. It would also alleviate the administrative burden on the employees of the Department of Children and Families and of the Office of the State Comptroller required to separately account for the payments made for pension and health benefits. Any concerns regarding the independence that must be maintained by the Court Monitor's Office can be addressed by placing him in my agency for administrative purposes only.

Based upon a review of the records, Mr. Mancuso has been credited for retirement purposes with earnings that exceed his state position. Pension contributions were made on those increased earnings and I understand that Mr. Mancuso would agree that his pension should be based upon the salary associated with his state position. If this results in excess contributions to the pension fund, I would recommend that they remain in the pension fund or be returned to the State's general fund as surplus funds. The contributions were made by the Court Monitor's Office fund and were not taken from Mr. Mancuso's gross salary.

The proposed Court Monitor Office budget indicates plans for potential contributions to a 401K plan. It is unclear from that budget whether this is intended to cover all employees of the Office. If a 401K plan is still under consideration, I think it important to note that

The Honorable Alan H. Nevas
February 15, 2006
RE: Juan F. v. State of Connecticut
Page 3

the State does not contribute an employer portion to its deferred compensation plan for its employees. It is also unclear from the proposed budget whether or not the proposed 401K plan would be an employer match of an employee's contribution. Mr. Mancuso, as a state employee, should be permitted access the State's deferred compensation plan in the same manner and subject to the same restrictions as other state employees.

There are line items in the budget for the payment of unemployment and workers' compensation insurance. It is unclear if these payments cover Mr. Mancuso's employment as well as the other employees of the office. If they cover the Court Monitor it appears they may be unnecessary.

There is currently no requirement for an independent reconciliation of the Court Monitor's Office bank accounts and it appears no counter or second signature required for checks written by the Office. These are areas of on-going concern that need to be addressed to safeguard state funds. Further, the audits required under current court order are inadequate. We are requesting that the Court require that the Court Monitor's Office be audited in accordance with generally accepted auditing standards going forward.

Thank you for the opportunity to share my concerns on the proposed budget for the Court Monitor's Office in Juan F.

Sincerely,



Nancy Wyman
Comptroller

CC: Brian Mattiello, Chief of Staff, Department of Children and Families
    Court Monitor Raymond Mancuso