# EXHIBIT 2

# PULLMAN & COMLEY, LLC
ATTORNEYS AT LAW

JAMES T. SHEARIN
850 Main Street
P.O. Box 7006
Bridgeport, CT  06601-7006
p   203 330 2240
f   203 576 8888
jtshearin@pullcom.com

February 27, 2006

Nancy Wyman
Comptroller, State of Connecticut
Office of the State Comptroller
55 Elm Street
Hartford, CT  06106

**Re:**   *Juan F. v. Jodi Rell, et al*
          **Civil Action No.: 2:89cv859 (AHN)**

Dear Comptroller Wyman:

    Your letter to The Honorable Alan H. Nevas of February 15, 2006 was referred to me for response. I was appointed by the Court to act as counsel to the Court Monitor in the *Juan F. v. Rell, et al* litigation.

    I should note from the outset that while the Court appreciates the issues raised by your letter, neither you nor your Office is a party to the proceeding. The Court does not comment or address submissions made by persons or entities who are not litigants before it, especially about a pending matter. However, given your interest in this matter as the funding arm for the Court Monitor's Office, the Court has made an exception in this one instance, which should not be taken as an indication of any future action. Henceforth, please communicate your concerns through DCF.

    You state that the Court's Order of October 12, 2005 requires your office to receive copies of the budgets for the Court Monitor's Office. Actually, the Court's Order provides that the approved budget is to be submitted to your Office. As to the proposed budgets, however, the Order specifically requires that they be provided to the Plaintiffs and Defendants, not the Comptroller's Office. Although the parties have been discussing the budget for Fiscal Year Ending June 30, 2006 for the last several months, they have been unable to reach an agreement on that proposal. Accordingly, on February 13, 2006, I submitted to the Court the budget proposed by the Court Monitor. The Plaintiffs took no position with respect to the contents of that budget. The Defendants agreed to reserve their right to object within ten days of the filing. Once a budget has been reviewed and approved by the Court, I will forward a copy of it to you. (I note in passing that your letter makes clear that you have already been given a copy of the proposed budget, presumably by DCF).

**PULLMAN & COMLEY**, LLC
ATTORNEYS AT LAW

Page 2

With respect to your request that a statement be submitted of the actual expenditures, please be advised that that process is underway. The delay was occasioned by the disruption caused by the resignation of D. Ray Sirry, the need to resolve certain issues associated with his employment, and the resulting impact those issues had on the budget. The Court Monitor and the Court Monitor's accountant are in the process of preparing a year-to-date analysis, and I will forward that to you upon receipt.

Your letter goes on to address certain pension retirement funds returned by one or more employees of the Court Monitor's Office. Please be advised that a check in the amount of $989,314.54 was delivered to Governor Rell, care of her counsel, Kevin Rasch, on February 13, 2006. At her instruction, the check was made out to *Treasurer for the State of Connecticut*. I assume you will record it in whatever manner you see fit.

In that same paragraph, you indicate that $499,171.00 was paid in June of 2005 for the current fiscal year. That payment is acknowledged. It has been the source of funds by which the Court Monitor's Office has been operating for the current fiscal year. I note that the Court Monitor, Mr. Ray Mancuso, made a request for additional funds on February 21, 2006 to Magistrate Judge Holly Fitzsimmons. That request will, in turn, be forwarded to you.

The bulk of the second page of your letter discusses issues involving Mr. Ray Mancuso. Many of these issues have been raised by DCF and are the subject of a Detail Agreement signed by multiple parties. The terms of that Detail are memorialized, and I do not see the reason in this letter to take issue with you on your reading. Suffice it to say, that if there are concerns that you believe should be addressed in connection with Mr. Mancuso, I would ask that you do so through DCF, the party to the current litigation. Mr. Mancuso is the current Court Monitor, and his reporting obligations are to the Court and the Court alone.

I would note that Mr. Mancuso has made known on several occasions to DCF that he is willing to have his State Pension be calculated as though he had remained in active employment with the State, receiving the salary he received as of the year he was detailed to the Court Monitor's Office, although obviously adjusted for whatever increases he would have received in the interim. In this regard, Mr. Mancuso has requested on several occasions that he be able to meet with someone to calculate what his pension contribution will be going forward, based upon such a revised analysis. Since he is paying this contribution personally, he obviously has an interest in that outcome. If you can assist in assigning the right person to speak with him, I would appreciate it. (Also, please note that the Court Monitor's Office has not asked for the return of any contributions based on so-called increased earnings.)

You have raised questions concerning the Court Monitor's Office's 401(k) Plan. As indicated to the parties through me, the Court has stated that it will not make a determination as to whether there will be any employer contribution to the Plan until this calendar year is concluded. I note in passing, that this 401(k) Plan covers all the employees of the Court Monitor's Office, not just Ray Mancuso.

**PULLMAN & COMLEY, LLC**
ATTORNEYS AT LAW

Page 3

With respect to the payment of unemployment and worker's compensation insurance, I need more information from you. Does the State currently cover these items for Ray Mancuso, and does that coverage extend to his engagement as the Court Monitor? I doubt that such coverage extends to the other employees of the Court Monitor's Office who are not detailed from the State of Connecticut, but if you can advise me otherwise, I would be happy to ask Mr. Mancuso to consider this issue.

Lastly, you raise issues concerning the bookkeeping practices of the Court Monitor's Office. Again, these issues have been raised by DCF, and addressed by the Court; it is not inclined to address them again with a non-party. As to your claim that the audits required under the current Order are inadequate, I am puzzled. The final financial statements are reviewed, not audited.

Should you have any further questions or information to share with me, please feel free to do so.

Very truly yours,

James T. Shearin

JTS/tmv

cc: Hon. Alan H. Nevas
    Mr. Raymond Mancuso
    All Counsel of Record