# EXHIBIT B

# Policy Manual

# Selection of a Permanency Family

# Permanency Planning Teams: Permanency Planning Team

# 48-14-6.1

**Policy**

All children and youth need enduring, positive relationships with adults who can provide necessary supports.

Children and youth in the care of the Department require timely permanency planning.

**Preferred Permanency Goals**

- Reunification
- Adoption
- Guardianship
- Permanent and Legal Placement with a Relative

**Permanency Planning Team Responsibilities**

The Permanency Planning Team (PPT) is the decision making group for the following:

- selection of an adoptive family unrelated to the child
- approval of relative adoptions/guardianships for children in placement less than six (6) months, assuring that relevant policy and licensing requirements have been met
- approval of the Another Planned Permanent Living Arrangement (APPLA) goal for children under 14 years of age. APPLA is a non-preferred permanency goal and is to be regularly re-evaluated through the Treatment Planning Process to determine if a more legally permanent goal can be achieved.

The team may also be utilized for other functions at the discretion of the Area Director

*Cross References:*
*Policy 41-16-8, Home Study and Recommendation for Licensure*
*Policy 41-50-3, Assessment and Recommendation for Guardianship*

### Purpose of the Team

The purpose of the permanency planning team is to lend expertise and provide consultation for the timely determination, development and implementation of permanency and concurrent plans for children and youth in the care of the Department.

**Multidisciplinary Membership**

The PPT shall be multidisciplinary in membership to ensure that the necessary expertise is available to best inform the discussion and decision of the team.

**Team Representative**

A representative of the PPT shall

- be present at the Multi-Disciplinary Assessment for Permanency meetings (MAP) for consultation relative to permanency planning for children in out-of-home care
- be a member of the Adolescent Planning Team at the Adolescent Planning Conferences to assist in the development of permanency plans for youth for whom the APPLA goal has been identified, and the youth is over 14 years of age.

*Cross-Reference: Policy 42-10-2, Adolescent Services, Adolescent Planning Conferences*

**Team Composition**

The Permanency Planning Team shall include the following persons:

- child's Social Worker and Social Work Supervisor
- adoption resource specialist
- Office of Foster Care Services (OFCS) Social Worker
- CAFAP or adoptive parent representative
- an Area Office manager
- a member of the Area Resource Group (ARG)
- others as deemed appropriate, including those who are knowledgeable and experienced in selecting adoptive placements or who are informed about the child and their specific needs/challenges.

Alternates shall be identified to participate as necessary.

**Racial and Ethnic Make Up of the Team**

Every effort shall be made to ensure that the racial and ethnic make-up of the team at large represents the population served by the Area Office

**Case Criteria For Team Review**

The following types of cases shall be reviewed by the PPT:
- proposed non-relative adoption placement
- proposed foster parent adoption as determined by the Social Worker and Social Work Supervisor
- proposed legal risk adoptive placement
- proposed permanency goal of Another Planned Permanency Living Arrangement (APPLA) for children under 14 years of age
- approval of relative adoptions/guardianships for children in placement less than six (6) months, assuring that relevant policy and licensing requirements have been met
- change of permanency goal from adoption to the less preferred APPLA goals

*Cross References: Policy 41-16-8, Home Study and Recommendation for Licensure Policy 41-50-3, Assessment and Recommendation for Guardianship*

The PPT may be utilized at the discretion of the Area Director and managers for use in other case circumstances, such as:

- development of permanency plan; i.e., reunification vs. termination of parental rights, guardianship vs. adoption  development of specialized recruitment efforts
  - assistance with concurrent planning, such as appropriate legal risk placements to minimize the need for additional moves for the child(ren); or searching for resources for youth to provide permanent adult connections while preparing the youth for living independently
  - provision of adoption readiness consultation to identify and ensure that the necessary preparation work is being done with the child, such as Life Book work or developing a visitation and placement plan
  - a proposed relative placement or relative guardianship.

The PPT may also be utilized when suggested by the ACR reviewers for review and discussion or development of a permanency plan.

**Sibling Placement**

Sibling placement relationships are important in permanency planning. Every effort must be made to place siblings together or reunify them when separation occurs.

The best interests of the children are primary.

*Cross-Reference:*  Policy 36-55-6, Placement of Sibling Groups

**APPLA/ Non-Preferred Permanency Goal**

All children need permanent families or family relationships.  The federal government eliminated long term foster care as an acceptable permanency goal and Another Planned Permanent Living Arrangement (APPLA) is not a replacement for that goal. Instead, it is designed to be permanent and to ensure lifelong connections for children and youth.  Careful consideration must be given in each case to make the determination as to why APPLA is in the child's best interest.  APPLA is not to be chosen lightly and is to be regularly reconsidered to determine if a more legally permanent goal is in the child's best interest.  Allowing adolescents to "age out" of the child welfare system without an attachment to a caring, committed adult is not permanency planning.

**Use Of APPLA For Children Under Fourteen Years of Age**

In rare cases, based on a child's unique circumstances and after determining that the more permanent goals of reunification, adoption, and guardianship, are not in the best interest of the child, APPLA could be considered as a short term interim option while more permanent plans are pursued as noted in the definition above.

- The goal may be recommended for children 14 or younger only if needed to preserve placement of a sibling group together.

- The selection of this goal requires review by the full Permanency Planning Team for the area office serving the case and the documentation of the Team's decision will be entered in the LINK narrative under the heading of Case Consultation. Documentation shall include specific and detailed reasons, based on the facts of the case as to the determination of the APPLA goal, including information about the child's counseling regarding adoption for those youth who oppose adoption and specific steps towards other more permanent concurrent plans.

- In each case plan steps must be outlined to ensure the youth has enduring relationships with positive, supportive adults who are committed to maintaining such a relationship beyond the child's involvement in the child welfare system.

- If an APPLA goal is chosen as a permanency plan a concurrent permanency goals of reunification, adoption or guardianship shall continue to be pursued or reconsidered with the active participation of the child, as appropriate, and include implementation of services and supports necessary to maintain the child in the least restrictive and most permanent placement.

- APPLA decisions must be formally reassessed every six months through the treatment planning and ACR process and the reasons for maintaining that goal clearly documented.

**Appeal of Decision**

The Social Worker and/or the Social Work Supervisor may appeal the decision of the Permanency Planning Team to the Area Director or the Child Welfare Bureau Chief or Assistant Bureau Chief.

**Use of APPLA for Native American Children and Youth**

APPLA may be considered a goal for Native American children and youth when the tribe has placed the child with a non-relative tribal member for the purposes of a permanent living arrangement.

**Information Gathered for Referral**

The effectiveness of the Permanency Planning Team is dependent upon the information furnished by the child's Social Worker. The more complete the data, the more informed the matching or permanency discussion will be.

Individuals who best know the child, such as present or former caregivers, therapists, teachers, or mentors may be approached to provide information that develops a well rounded picture of the child as well as his or her needs and strengths.

**Photograph of Child**

A photograph of the child is preferable.

**Referral Packet**

The Social Worker shall complete a referral packet for submission to the team. The packet shall include the following forms:
- Permanency Planning Team Referral Form (DCF-2043)
- Child-Teaming Pre-Questionnaire (DCF-2044)
- Child's Registration (DCF-336)
- Child Assessment (DCF-2039)
- Genetic Parent(s) Information (DCF-337B)
- Medical Information On Genetic Parent(s) (DCF-338B)
- Psychological, medical, school and other reports.

***Cross-Reference***: *For a complete list of forms used in the Permanency Planning Team process, see policy 48-14-6.5*

### Adoption Home Study Review

The Social Worker and Supervisor shall review home studies and select those to be reviewed by the team as follows:

**If the Social Worker and Supervisor Receive...** more than five (5) studies for consideration
**Then the Social Worker and Supervisor shall...** select no more than five (5) for review

**If the Social Worker and Supervisor Receive...** four (4) or fewer studies
**Then the Social Worker and Supervisor shall...** review all four (4) studies

The studies, along with the child's referral packet, shall be distributed to each team member for review at least five (5) working days prior to the meeting date.

Team members shall read the home studies and be prepared to participate in the discussions and decision.

### Procedure for Non-Relative Foster Care Adoption

The procedures below apply to adoption of a foster child by a non-relative foster parent(s).

Siblings placed separately must be considered when determining the adoptive placement plan. All consideration must be given to reunification of the siblings in placement and/or maintaining a relationship that best meets the needs of the children.

**If...** the non-relative foster family is interested in adopting the foster child
**Then...** teaming is optional at the discretion of the Social Worker and the Social Work Supervisor

**If...** the non-relative foster family is interested in adopting the foster child

**But...** is not approved for adoptive placement for the foster child
**Then...** the reasons shall be documented and another team meeting shall be scheduled to consider non-related adoption.  Consideration of the impact to the child by disrupting such placement is mandatory, including separation from foster siblings, relatives, and community.

### Written Record Content and Maintenance

For each child reviewed by the team, a written record shall be maintained on the Permanency Planning Team Report (DCF-2045), which shall identify the names of prospective adoptive families.

The reason(s) why each family was not selected for that particular child shall be noted on the Report of Non-Use of Adoptive Home (DCF-431) by the adoption resource specialist (ARS).  The reason(s) must be substantive and shall be reviewed by the FASU Social Worker responsible for that family.

A copy of the DCF-431 for each family reviewed shall be maintained by the adoption resource specialist.

A log of the children and families reviewed shall be maintained by the PPT chairperson.

### Review of Families Not Selected

If a family has been identified as a prospective placement resource on six (6) different occasions, but has not been selected for any child, the home study shall be reviewed by the assigned FASU and ARS workers to identify areas of concern and determine if and how they can be addressed.

Connecticut Department of Children and Families  Effective Date: 09/11/07(Revised)

# Policy Manual

# Treatment Planning

# Adolescent Planning Conference

# 42-10-2

**Purpose**

The Area Office shall identify all DCF youth fourteen (14) years of age or older who are placed in out of home care, including those receiving Voluntary Services, with the purpose of holding a case conference for each youth. This conference will be held yearly until the youth's eighteenth (18th) birthday.

The conference shall be held separately from, and prior to, the Administrative Case Review (ACR) scheduled before the youth's fourteenth (14th) birthday.

The conference shall be held prior to any assignment of a goal of another permanent planned living arrangement, other (APPLA) as it relates to youth 16 or older who are participating in an independent living program and who refuse a family setting living arrangement. (See APPLA definitions)

For youth placed in out of home care after their fourteenth (14th) birthday, the conference shall be held separately from, and prior to, the first occurring ACR after placement.

The purpose of the conference is to determine the permanency goal for the youth, and to discuss services to be provided by the Department and others to meet that goal.

**Case Conference Participants**

The following individuals shall participate in the case conference:

- youth
- Significant adults and/or family members identified by the youth
- the current Social Worker
- Adolescent Services Unit Social Work Supervisor
- ARG staff (educational specialist, clinical specialist, substance abuse specialist, and/or nurse, as appropriate)
- a permanency planning team representative

**Other Participants to Be Invited:**

- youth's surrogate parent (if applicable)
- youth's Juvenile Court Appointed Attorney, (if applicable)

**Case Conference Topics**

Topics to be discussed at the conference may include, but not be limited to the following:

- the youth's need to develop Life Skills and/or knowledge to enable him/her to live self-sufficiently
- the need to achieve timely permanency and the identification, development and support of family members and significant adults willing and able to make a lifelong commitment
- the need for an assessment to determine the youth's educational and/or vocational interests and level of ability, and/or post high school educational interests
- whether the youth has taken a career interest assessment
- whether the youth has taken a learning-style inventory
- the need to achieve timely permanency
- whether the youth has been referred to a Life-Long Family Ties Program
- issues of sexual orientation
- issues of cultural awareness
- the need for future referral to Adult Services
- the Treatment Plan goal
- the quality and appropriateness of the current placement
- the current legal status
- whether the case should be transferred to a specialty unit
- medical coverage
- mental and medical health status (including identifying future needs)
- housing
- finances (including any ongoing sources of income and any survivor benefits)
- substance abuse
- legal issues
- parenting issues
- Independent Living Passport and essential documents.

**Note:**  The Independent Living Passport holds documents belonging to the youth, which shall be kept until the youth leaves DCF care.  The Social Worker/Adolescent Specialists shall compile copies of all essential documents as described in the Adolescent Planning Conference Form, DCF-2250.

**Process**

Upon identifying all cases that meet these criteria, the Social Work Supervisor shall meet with the Social Worker assigned to each case to determine the conference topics and participants.  The Social Work Supervisor shall then notify the Adolescent Services Social Work Supervisor in the Area Office of the cases requiring that a conference be held.

A manager will chair the meetings.  Chairmanship can rotate every 6 months.  The Social Worker assigned to each case identified for a conference shall be responsible for inviting the conference participants.  The chairperson or their designee will record the meeting.  The Social Worker shall document the conference in LINK using DCF-2250.

**ACR Review**

The conference is viewed as a component of the youth's treatment plan. The topics shall be discussed and updated as appropriate at the Administrative Case Reviews (ACRs) and shall include, but not be limited to, the following:

- Permanency Planning
- Education/Vocation
- Employment
- Life Skills
- Housing
- Financial
- Health/Mental Health
- Substance Abuse
- Parenting
- Legal Issues
- Independent Living Passport and essential documents
- Other

Subsequent meetings to discuss these or any other topics may be held on an annual basis. It is mandatory that at least one other case conference be held at the time the youth turns seventeen (17).

**Documentation**

The currently assigned Social Worker shall document the following in the DCF-2250:

- when the conference occurred,
- the discussions held, and
- recommendations made.

The DCF-2250 shall be pasted onto the LINK narrative within five (5) working days.

**Use of Another Planned Permanency Living Arrangement (APPLA) -**

- APPLA should not be an option for any child and not recommended for any child under the age of 16. The reasons for use of APPLA must be compelling and made only after the Agency has made and documented reasonable efforts to reunify the child with parents, place the child with kin for adoption or guardianship or pursued adoption with non-related resources regardless of the age or special needs of the child. In rare cases APPLA could be considered as a short-term interim option while the more permanent concurrent plans of reunification, adoption or guardianship are being pursued. Careful consideration must be given in each case to make the determination of why APPLA is in the child's best interest. The goal of APPLA must be reassessed every six months thereafter through supervision and the treatment planning and ACR review process where careful consideration and documentation must be provided addressing why such a goal remains in the child's best interest. The other more permanent plans of reunification, adoption, or guardianship must be re-considered each time based on the child's circumstances.

- The central point to the use of APPLA as a permanency goal is the compelling reason, and it must be clearly enumerated in the treatment plan and in documents presented to the Court pertaining to permanency.

**Preferred Permanency Goals-**

- Reunification
- Adoption
- Guardianship
- Permanent and Legal Placement with a Relative

**Non-Preferred Permanency Goals -**

All children need permanent families or family relationships.  The federal government eliminated long term foster care as an acceptable permanency goal and Another Planned Permanent Living Arrangement is not a replacement for that goal, instead it is designed as permanent and to ensure lifelong connections for children and youth.  Careful consideration must be given in each case to make the determination of why APPLA is in the child's best interest.  APPLA is not to be chosen lightly and is to be regularly reconsidered to determine if a more legally permanent goal can be achieved.  Allowing adolescents to "age out" of the child welfare system without an attachment to a caring, committed adult is not permanency planning*.*

**APPLA: Children/Youth 14 and Older -**

- As noted in the definition of use, APPLA as a goal should not be recommended for children under 16 years of age except in rare circumstances.
- In those situations where APPLA is determined for a child 14 or older such determinations must be reviewed by the full adolescent planning conference team in the area office serving the case.
- The Team's decision will be documented in LINK narrative under the heading of case consultation adolescent planning team.
- The plan for a youth must be developed with the youth's active participation and include implementation of services and supports necessary to maintain the child in the least restrictive, most permanent placement.
- Each plan must outline steps to ensure the youth has enduring relationships with positive, supportive adults who are committed to maintaining such a relationship beyond the child's involvement in the child welfare system.
- The decision of the team may be appealed to the area director or his/her supervisors in the organization.
- This decision will be formally reviewed every six months as part of the treatment planning and ACR process.  The decision to continue with this goal must be clearly documented in the treatment plan.
- For Native American children and youth, where the tribe placed the child with a non-relative tribal member for the purposes of permanent foster care.

**State of Connecticut Department of Children and Families**         Effective : June 24, 2008 (Revised)