UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JUAN F., et al.,
    Plaintiffs,

v.    Civil Action No. 3:89-CV-859 (CFD)

M. JODI RELL, et al.,
    Defendants.

## RULING ON DEFENDANTS' MOTION FOR RECONSIDERATION

On August 17, 2010, the Court issued an order interpreting the consent decree, and granting in part and denying in part plaintiffs' motion for temporary and permanent injunctions. The Court ruled that children in the Department of Children and Families ("DCF") Voluntary Services Program ("VSP") are members of the Juan F. class, and granted temporary and permanent injunctions to prevent the defendants from suspending new intakes of children into the program. The defendants now move for reconsideration of the Court's ruling.

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). The Court should not grant a motion for reconsideration where the moving party seeks merely to re-litigate matters already addressed by the Court. Id. The defendants have not pointed to any controlling decisions or data that the Court overlooked or which might reasonably be expected to alter the Court's previous conclusions.

Instead, the defendants repeat arguments that they made in their opposition to the motion,

-1-

which the Court considered and rejected in its Order. For example, the defendants contend that children in the VSP are not members of the Juan F. class because DCF has made no finding that those children are "at-risk." See Defs.' Mot. for Recons. 2, August 31, 2010, ECF No. 636. The Court concluded based on the record before it that DCF's VSP is "specifically tailored to children who are 'at risk of' maltreatment" and thus, children enrolled in VSP are within the first paragraph of the class definition in the Consent Decree. See Ruling 15, Aug. 16, 2010, ECF No. 633. The Court fully explained how it reached that holding. In part, it was based upon DCF's own agency regulations that defined the VSP as servicing children who "might otherwise be committed as neglected, uncared for, or dependent." Ruling at 15, quoting Conn. Agencies Regs. §§ 17a-11-4. Importantly, the parties should understand that the Court's decision was not a function of what label DCF may use to offer services to children. It does not matter whether services are provided under the VSP or under some other program, or whether they are provided by DDS. What matters is whether the children "are now, or will be in the care, custody, or supervision of the Commissioner of [DCF] as a result of being abused, neglected or abandoned or being found at risk of such maltreatment" or where DCF "knows, or should know" of their existence. Ruling at 14, citing Consent Decree, § II(13). There may well be children serviced by DCF who are outside this class definition who are not members of the class. Some may even be part of the VSP, but the Court has no basis to conclude that based on the record before it. In this motion for reconsideration, the defendants do not present new facts or controlling decisions which change this conclusion.

Defendants' other arguments for reconsideration similarly do not present controlling decisions or data previously overlooked by the Court.

Thus, defendants' motion for reconsideration of ruling [Dkt. # 636] is DENIED.

SO ORDERED this  22nd   day of December, 2010 at Hartford, Connecticut.

   /s/ Christopher F. Droney

**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**